*E-FILED - 3/13/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ORNELAS DIAZ,<br><br>        Petitioner,<br><br> vs.<br><br>ROSEANNE CAMPBELL, Warden,<br><br>        Respondent. | No. C 06-6370 RMW (PR)<br><br>ORDER GRANTING PETITIONER'S APPLICATION FOR EXTENSION OF TIME; DENYING RESPONDENT'S MOTION TO DISMISS WITHOUT PREJUDICE; FURTHER SCHEDULING ORDER<br><br>(Docket Nos. 10, 12) |

     Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why a writ of habeas corpus should not be granted. On July 24, 2007, respondent filed a motion to dismiss the petition as untimely pursuant to 28 U.S.C. 2244(d)(1). Petitioner filed an application for an extension of time to file an opposition on September 5, 2007. Thereafter, petitioner filed an opposition to the motion to dismiss on September 18, 2007. The court GRANTS petitioner's application for extension of time (docket no. 12). The opposition, filed on September 18, 2007, is deemed timely.

     In his opposition, petitioner alleges that statutory tolling should apply to his first state habeas petition filed in the Santa Clara Superior Court on March 3, 2004, which was denied on

1 | May 13, 2004. Pet.'s Opp. at 4; Exhibit A (Order, <u>In Re Jesus Diaz</u>, No. CC234703,
2 | May 13, 2004). Although directed to do so, respondent did not file a reply to petitioner's
3 | opposition. Though it appears that petitioner did not send a copy of his opposition brief to
4 | respondent's counsel, the court notes that petitioner clearly listed the habeas petition filed in the
5 | state superior court in the instant petition. Additionally, this habeas petition was noted in the
6 | court's Order to Show Cause. <u>See</u> Petition at 4; Order to Show Cause (docket no. 4) at 1-2.

The court concludes that respondent has failed to address all of the applicable post-conviction state habeas petitions in applying statutory tolling to the instant petition. Accordingly, the motion to dismiss the instant petition as untimely (docket no. 10) is DENIED without prejudice. Respondent shall file an answer to the instant petition addressing the merits of the petition, or a renewed motion to dismiss applying all relevant state habeas petitions, **within sixty (60) days** of the date this order is filed as set forth below.

## CONCLUSION

1. Petitioner's application for extension of time to file an opposition (docket no. 12) is GRANTED. The opposition, filed on September 18, 2007, is deemed timely.

2. Respondent's motion to dismiss the instant petition (docket no. 10) is DENIED without prejudice.

3. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

4. Respondent may file a renewed motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

Order Granting Petitioner's Application for Extension of Time; Denying Respondent's Motion to Dismiss Without Prejudice;
Further Scheduling Order
P:\pro-se\sj.rmw\hc.06\Diaz370mtdsched    2

Section 2254 Cases within **sixty (60) days** of the date this order is filed.

**Respondent shall take care to review the instant petition, the court's order to show cause, and all relevant state habeas petitions in applying any statutory tolling analysis in its renewed motion.** If respondent files a renewed motion, petitioner shall file with the court, and serve a copy on respondent, an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and respondent <u>shall</u> file with the court and serve on petitioner a reply within **fifteen days** of receipt of any opposition.

     5.     It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 3/13/08

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge