***E-FILED - 11/20/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS ORNELAS DIAZ, | ) | No. C 06-6370 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| | ) | RESPONDENT'S RENEWED |
| vs. | ) | MOTION TO DISMISS HABEAS |
| | ) | PETITION AS UNTIMELY |
| | ) | |
| ROSEANNE CAMPBELL, Warden, | ) | (Docket No. 14) |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 8, 2007, the court ordered respondent to show cause why the writ should not be granted. In lieu of an answer, respondent filed a motion to dismiss the petition as untimely and petitioner filed an opposition. On March 13, 2008, the court denied respondent's motion to dismiss without prejudice for failing to address all of petitioner's applicable state habeas petitions. On April 1, 2008, respondent filed the instant renewed motion to dismiss. Petitioner has filed an opposition and respondent has filed a reply. Having considered all of the papers filed by the parties, the court GRANTS respondent's motion to dismiss.

## BACKGROUND

Petitioner was convicted of aggravated sexual assault of a child under the age of 14 and more than 10 years younger than petitioner. Petitioner was sentenced to 15 years to life. On

October 29, 2003, California Court of Appeal affirmed the conviction. Petitioner did not file a petition for review.

On March 3, 2004, petitioner filed a habeas petition in Santa Clara Superior Court, which was subsequently denied on May 13, 2004. On September 13, 2004, petitioner filed a habeas petition in the California Court of Appeal, which was denied on October 27, 2004. On July 27, 2005, petitioner filed a habeas petition in California Supreme Court, which was denied on May 24, 2006.

## DISCUSSION

I.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, as in the case of petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

1    Petitioner did not file a petition for review in California Supreme Court, so his conviction
2 became final forty days after the California Court of Appeal affirmed his conviction on October
3 29, 2003, *i.e.*, on December 8, 2003. See Cal. R. of Ct. 8.264, 8.500(e). Absent tolling,
4 petitioner had one year, *i.e.*, until December 9, 2004, to file a federal habeas petition. See
5 Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year
6 limitation period according to Federal Rule of Civil Procedure 6(a)). However, petitioner did not
7 file a federal habeas petition until October 11, 2006. Petitioner's petition is untimely unless the
8 limitation period was tolled for a substantial period of time.

9 2..    Statutory Tolling

10    Section 2244(d)(2) tolls the one-year limitation period for the "time during which a
11 properly filed application for State post-conviction or other collateral review with respect to the
12 pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In some circumstances, "gap
13 tolling" is available for the periods between the denial of a habeas petition in a lower court and
14 the filing of a new habeas petition in the next highest court. See Carey v. Saffold, 536 U.S. 214,
15 219-20 (2002). However, tolling during this gap period is only available if the petitioner did not
16 "unreasonably delay" in seeking review. Id. at 221-23. A federal court must determine whether
17 a petitioner "delayed 'unreasonably' in seeking [higher state court] review." Id. at 225. If so,
18 the application would no longer have been "pending" during the gap between state habeas
19 petitions, and tolling is not available during that period.

20    Here, petitioner sought collateral review by filing three separate state habeas petitions.
21 Petitioner filed his first state habeas petition on March 3, 2004, 86 days after his conviction
22 became final on October 29, 2003. Petitioner is entitled to tolling for the period of time the first
23 state habeas petition was pending before the state superior court, *i.e.*, from March 3, 2004
24 through May 13, 2004. Respondent argues that petitioner is not entitled to any "gap tolling"
25 thereafter because petitioner unreasonably delayed in filing his next two state habeas petitions.
26 After petitioner's state habeas petition was denied in superior court, petitioner waited another
27 123 days to file a second state habeas petition in California Court of Appeal on February 18,
28 2005. After the second state habeas petition was denied on October 27, 2004, petitioner waited

1  an additional 273 days before filing another habeas petition in California Supreme Court on July
2  27, 2005.
3      "[I]n most states a prisoner who seeks review of an adverse . . . decision must file a
4  notice of appeal . . . and the timeliness . . . is measured in terms of a determinate time period,
5  such as 30 or 60 days." Evans v. Chavis, 546 U.S. 189, 192 (2006).  In other words,
6  "California's 'reasonable time' standard [should] not lead to filing delays substantially longer
7  than those in States with determinate timeliness rules." Id. at 200.  It is clear that six months is
8  not reasonable, because in Evans the Supreme Court noted that six months is far longer than the
9  thirty to sixty days that most states provide for filing an appeal, and held that an unjustified or
10 unexplained six-month delay between post-conviction applications in California is not
11 reasonable and so does not fall within Carey's definition of the term "pending." Id.  It can also
12 be fairly inferred from the Supreme Court's reference to the usual thirty or sixty day periods
13 provided by states with determinate deadlines that a delay of sixty days would not be
14 unreasonable.
15      In the instant case, the length of the delay at issue is 123 days.  Although the Ninth
16 Circuit has not addressed the applicability of Evans to a period of delay of less than ten months,
17 see Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (finding no statutory tolling for
18 unexplained periods of delay of ten, fifteen, and eighteen months between filings of California
19 habeas petitions), numerous district courts have found filing delays unreasonable where such
20 delays were similar or shorter in length than a 123-day delay, and no adequate justification was
21 provided.  See, e.g., Livermore v. Watson, 2008 WL 802330, * 4 (E.D. Cal. March 26, 2008)
22 (finding 78-day delay unreasonable); Hunt v. Felker, 2008 WL 364995, *3 (E.D. Cal. Feb. 8,
23 2008) (finding 70-day delay unreasonable); Young v. Hickman, 2008 WL 361011, *3 (E.D. Cal.
24 Feb. 8, 2008) (finding 95-day delay unreasonable); Bridges v. Runnels, 2007 WL 2695177, *2
25 (E.D. Cal. Sep. 11, 2007) (finding 76-day delay unreasonable); Johnson v. Yates, 2007 WL
26 1750231, *1 (N.D.Cal. June 15, 2007) (finding 3- month delay unreasonable); Dorthick v.
27 Hamlet, 2007 WL 1430041, at *3 (N.D. Cal. May 14, 2007) (finding 97-day and 174-day delays
28 unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. March 15, 2007)

(finding 88-day delay unreasonable). Under the rationale of Evans, petitioner's 123-day unexplained, and hence unjustified, delay between his superior court denial and the filing of his state petition in California Court of Appeal must be found to be unreasonable.

Petitioner argues that because his petitions were denied on the merits and not due to procedural reasons such as timeliness, he is entitled to tolling for the entire time he was pursuing collateral remedies. The Supreme Court has already considered and rejected this argument. See Evans, 546 U.S. at 197-98 (reaffirming Carey's conclusion that a California court's denial stating "on the merits" does not automatically mean that the filing was timely, and adding the notion that a California court's summary denial without the words "on the merits" similarly cannot imply that the filing was timely).

The court finds that the 123-day delay between the superior court's denial and the filing of his appellate court petition far exceeded the thirty to sixty day period the Supreme Court used as a bench mark in Evans. The court concludes, therefore, that petitioner is not entitled to tolling during this time period. As such, petitioner's statute of limitations ran out and petitioner's petition was due on February 16, 2005.[1] Because petitioner filed his federal petition over a year later on October 11, 2006, his petition is untimely.

Alternatively, even if the court determined that the 123-day delay between the superior court's denial and the filing of petitioner's appellate court petition was "reasonable," petitioner waited another 273-days after the denial of his petition in California Court of Appeal on October 27, 2004 to file his petition in California Supreme Court on July 27, 2005. Evans clearly states that an unexplained and unjustified gap of six months or more is "unreasonable." Evans, 546 U.S. at 201 ("We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending'"). Because 273-days is approximately 9-months,

---

[1] Petitioner is not entitled to tolling when he filed his state habeas petition in California Supreme Court on July 27, 2005 because it was filed after the AEDPA's statute of limitations had already run. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

1  and because petitioner offers no explanation for this delay, the court finds that the time between
2  the denial of petitioner's petition at California Court of Appeal and the filing of his California
3  Supreme Court petition does not toll the statute of limitations.  As such, giving petitioner the
4  benefit of tolling the statute of limitations between the filing of his first state habeas petition and
5  the denial of his appellate court habeas petition, *i.e.*, March 3, 2004 through October 27, 2004,
6  his federal petition would have been due by August 2, 2005.  Because the petition was still over
7  a year late and not filed until October 11, 2006, the petition was untimely.

## CONCLUSION

9  For the foregoing reasons, respondent's motion to dismiss the petition as untimely
10 (docket no. 4) is GRANTED.  This action is DISMISSED.  The Clerk of the Court shall
11 terminate all pending motions, enter judgment, and close the file.
12 This Order terminates docket no 14.
13 IT IS SO ORDERED.
14 Dated:    11/17/08

*Ronald M. Whyte*

RONALD M. WHYTE
15 United States District Judge