*E-FILED - 1/15/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS ORNELAS DIAZ, | ) | No. C 06-6370 RMW (PR) |
| Petitioner, | ) | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| vs. | ) | |
| | ) | (Docket No. 19) |
| ROSEANNE CAMPBELL, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court granted respondent's motion to dismiss the petition based on timeliness grounds. Petitioner has filed a request for a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c).

In his COA request, petitioner alleges that his petition is timely. Specifically, petitioner reiterates his claim that he is entitled to "gap" tolling. The bulk of his COA request, however, focuses on his argument that he is entitled to equitable tolling, which he raises for the first time. Giving petitioner the benefit of the doubt, the court considers petitioner's equitable tolling argument as if he had raised it initially in his opposition to respondent's motion to dismiss. So considered, the court finds petitioner is not entitled to equitable tolling.

Petitioner claims that he is entitled to equitable tolling because he is a Mexican national, and could not speak or read English at the time he filed his first state habeas petition. Petitioner

1   further argues that the library's failure to provide Spanish language assistance did not provide
2   him meaningful access to the courts.  In addition, Richard D. Bamrick, a fellow inmate who was
3   assisting him prepare his first state habeas petition, was transferred to a different prison the day
4   he filed his first state habeas petition in Santa Clara Superior Court and was unable to assist
5   petitioner again for two and a half years, when they were reunited at Mule Creek State Prison.

   Generally, "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The petitioner bears the burden of showing that this extraordinary circumstance should apply to him, see Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002), and it was the "cause of his untimeliness," Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied.  Gaston v. Palmer, 417 F.3d 1030, 1034-35 (2005).  He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence.  Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (no equitable tolling where petitioner was not diligent in that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance).

   Here, petitioner relies on Mendoza v. Carey, 449 F.3d 1065, 1069-71 (9th Cir. 2006) to support his claim that he is entitled to equitable tolling.  The petitioner in Mendoza made a much more detailed showing then petitioner does here.  The record in that case established that when the petitioner was first incarcerated, he requested Spanish legal materials, id. at 1069, but was told he had to wait until he arrived at his assigned prison.  After being transferred to Solano State Prison, he made several visits to the library and found only English legal materials and English-speaking librarians.  It was not until he found a newly-arrived, bilingual inmate willing to offer assistance that he was able to file his habeas petition; by which time the AEDPA deadline had already passed.  Id.  Under these circumstances, the Ninth Circuit determined the petitioner had alleged facts that, if found to be true, would entitle him to equitable tolling.  Accordingly, it

remanded so that the district court could hold an evidentiary hearing. Id. at 1071. The Ninth Circuit concluded:

> Following this reasoning, we conclude that a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source. We agree with Cobas [v. Burgess, 306 F.3d 441 (6th Cir. 2002)] that a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief. See id.; see also United States v. Sosa, 364 F.3d 507, 512-13 (4th Cir. 2004) (applying Cobas' reasoning and concluding that the petitioner's "excellent" English skills and ability to compose, without assistance, court filings in English, foreclosed any contention that lack of English proficiency justified equitable tolling).

Id. at 1070.

In the instant case, petitioner alleges only that he did not speak or read English at the time he filed his first state habeas petition and subsequently secured the help of Inmate Bamrick to assist in preparing his first state habeas petition. Petitioner does not allege that, despite "diligent efforts," he was unable to secure "legal materials in his own language," or to procure translation help from other "inmate[s], library personnel or other source." Id. Nor does he explain how his reliance on Inmate Bamrick made it impossible for him to file a timely petition. In fact, although he asserts that Inmate Bamrick and he were separated for two and a half years[1], within that time, the record demonstrates that petitioner managed to subsequently file his state habeas petitions in California Court of Appeal[2] and California Supreme Court[3] without the help of Inmate Bamrick. The fact that petitioner was able to file a subsequent state habeas petition while the statute of limitations was still running indicates that he either became proficient in

---

[1] Petitioner's COA states that Inmate Bamrick was transferred out of prison the day he submitted his first state habeas petition for filing. Petitioner's first state habeas petition was filed on March 3, 2004. Inmate Bamrick and petitioner were reunited approximately two and a half years later, which is estimated to be September 3, 2006.

[2] Petitioner filed his state habeas petition in California Court of Appeal on September 13, 2004, which was subsequently denied on October 27, 2004. Petitioner's statute of limitations was still running at that time and did not expire until February 16, 2005.

[3] Petitioner filed his state habeas petition in California Supreme Court on July 27, 2005, which was subsequently denied on May 24, 2006.

Order Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.06\Diaz370coaden.wpd            3

1  English or he was able to procure help from some other source.  In either event, petitioner's
2  allegations are inadequate to establish extraordinary circumstances beyond his control sufficient
3  to entitle him to equitable tolling.  See Mendoza, 449 F.3d at 1070.

4  Even assuming petitioner's equitable tolling argument is properly before this court in his
5  COA request, cf. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (declining to consider an
6  issue raised for the first time on appeal), petitioner has not shown "that jurists of reason would
7  find it debatable whether the district court was correct in its procedural ruling" that petitioner's
8  section 2254 petition was untimely.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

9  Accordingly, the request for a certificate of appealability is DENIED.

10  This order terminates docket no. 19.

11  IT IS SO ORDERED.

12  DATED: 1/13/09

*Ronald M. Whyte*
RONALD M. WHYTE
13  United States District Judge